UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEHEMIAH FELDERS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:20-CV-1057 RLM |
| ) | (Arising out of 3:18-CR-109 RLM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

Nehemiah Felders was convicted by a jury of unlawful possession of a firearm following a felony conviction and the court sentenced him in September 2019 to 96 months' imprisonment. Mr. Felders appealed, challenging the disposition of his motion to suppress. The court of appeal affirmed, United States v. Felders, 965 F.3d 595 (7th Cir. 2020), and Mr. Felders didn't petition for certiorari. He is now before the court seeking post-conviction relief under 28 U.S.C. § 2255 contending that the U.S.S.G. §§ 2K2.1(b)(4)(A) and 3C1.1 enhancements that were applied at sentencing violated his Sixth Amendment rights because they weren't decided by a jury, as required by Apprendi v. New Jersey, 520 U.S. 466 (2000). For the reasons that follow, the court denies the motion to vacate.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings. The court has reviewed Mr. Felders's motion and supporting memorandum and finds that his arguments aren't supported by the facts or the law and can be resolved without a hearing. *See* Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006); Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001).

The Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466 that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The statutory maximum for Mr. Felders' violation of 18 U.S.C. § 922(g)(1) was 120 months, and the sentence imposed fell below both that statutory maximum and the recommended guideline range of 100 to 120 months, so Apprendi doesn't apply.

Mr. Felders also cited <u>Alleyne v. United States</u>, 570 U.S. 99 (2013) and <u>United States v. Booker</u>, 543 U.S. 220 (2005) in his memorandum, but neither support his claim for relief. <u>Booker</u> is presumably cited for the proposition that the sentencing guidelines are advisory, not mandatory, but the court recognized the advisory nature of the guidelines during the sentencing hearing and in its sentencing memorandum and found that a sentence of 96 months was sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

In <u>Alleyne</u>, the Supreme Court held that the jury must determine whether the defendant brandished a firearm, as opposed to merely carried, because it increased the minimum statutory penalty under 18 U.S.C. § 924(c)(1)(A)(ii) (5 year minimum for carrying, 7 year minimum for brandishing). 570 U.S. at 115-116. But the enhancements applied in Mr. Felders's case didn't increase the minimum statutory penalty for the offense of conviction, either.

Mr. Felders indicates that he didn't challenge the enhancements on direct appeal was because he "relied on [his] attorney to present [the] argument", but he doesn't raise an ineffective assistance of counsel claim, and can't make the showing required under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), even if he had. Appellate counsel had "no duty to make a frivolous argument", <u>Unites States v. Rezin</u>, 322 F.3d 443, 446 (7th Cir. 2003), *overruled on other grounds by* <u>Lockhart v. United States</u>, 136 S.Ct. 958 (2016); <u>United States v. Hanley</u>, 906 F.2d 1116, 1121 (6th Cir. 1990), so Mr. Felders wouldn't be able to show his attorney's

3

performance was deficient or objectively unreasonable, or that his defense was prejudiced by counsel's performance.

An appeal may be taken from a final order in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right" and " a circuit justice or judge issues a certificate of appealability." 28 U.S.C. 2253(c)(1)(B) and (2). Mr. Felders hasn't met that burden or identified any basis from which a reasonable person could find that an appeal would have merit. *See* Fed. R. App. P. 24(a)(3); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000).

Accordingly, the court DENIES Mr. Felders's motion to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255 [Doc. No. 78], FINDS that any appeal would not be taken in good faith, and DENIES his anticipated requests for a certificate of appealability and to proceed *in forma pauperis* on appeal.

SO ORDERED.

ENTERED:   April 6, 2021

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

cc:   N. Felders

4